**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
    v. )    I.D. Nos. 2105000996 A&B
)
ELIJAH COFFIELD, )
)
    Defendant. )

Submitted: May 21, 2025
Decided: May 30, 2025

**<u>ORDER</u>**

This 30th day of May 2025, upon consideration of Defendant Elijah Coffield's ("Coffield") Motion to Correct Illegally Imposed Sentence,[1] his accompanying Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1. Coffield was convicted at trial of illegal gang participation and all the charges against him arising from five shootings on September 8, 23, and 24, 2020, including two murders; five attempted murders, first-degree reckless endangering, conspiracy, and multiple weapons charges, including both Possession of a Firearm During the Commission of a Felony ("PFBPP") and Possession of a Firearm by a Person prohibited ("PFBPP") charges. This Court sentenced Coffield to life

---

[1] D.I. 125 (ID No. 2105000996A); D.I. 34 (ID No. 2105000996B); Subsequent docket item references will be to ID. No. 2105000996A.

imprisonment for each of the murder charges as required by statute and many decades in prison for the other offenses. The Delaware Supreme Court affirmed his convictions on January 14, 2025.[2]

2.    Earlier this year, Coffield moved for postconviction relief under Superior Court Rule 61 alleging ineffective assistance of counsel and a *Brady* violation.[3]  He also moved for appointment of counsel to assist him with that motion.[4]  The Court granted the latter request and the designation of specific counsel to represent Coffield is pending.[5]

3.    Coffield now moves *pro se* for correction of an illegally imposed sentence and for the appointment of counsel.  In this motion, he claims that his sentences were improperly enhanced by the sentencing judge based on the judge's own factfinding in violation of *Erlinger v. United States*[6]  and its predecessors.[7] Specifically, as to the two first degree murder charges, he mistakenly cites the statutory range for other class A felonies of 15 years to life imprisonment to assert his two natural life sentences were improperly enhanced by the trial judge.  Instead, he posits that "There should have been factors decided by empaneled jury that no doubt would have lead to a lesser sentence."[8]  As to the five counts of attempted first degree

---

[2] *Coffield v. State,* 2025 WL 85345 (Del. Jan. 14, 2025).
[3] D.I. 120.
[4] D.I. 121.
[5] D.I. 124.
[6] 602 U.S. 821 (2024).
[7] D.I. 125.
[8] *Id.*

murder, he makes the same argument that allowing a jury to consider mitigating factors would have resulted in a lesser sentence.[9] He makes no specific claim about the nine PFDCF counts for which he received a total of 45 years other than to incorrectly note the sentencing range of 2 – 25 years.[10] The same is true for the five conspiracy counts for which he was sentenced to an aggregate of 25 years for which he cites a range of "up to 15 months up to 5 years" on each.[11] Finally, he notes that he received a five- year sentence on the reckless endangering first degree charge.[12]

4. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[13] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[14] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[15]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Super. Ct. Crim. R. 35(a).
[14] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[15] Super. Ct. Crim. R. 35(a) and (b).

5.    Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  The Court need only consult the Sentence Order to determine Coffield is not entitled to relief under either interpretation of the motion.

6.    *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[16]

7.    A review of Coffield's sentence highlights the motion's deficiencies.  He received the statutorily required sentence of natural life on each count of first degree murder.[17]  That sentence is mandated by 11 *Del. C.* § 4209(a) which states:

> Any person who is convicted of first-degree murder for an offense that was committed after the person has reached the person's eighteenth birthday shall be punished by death or imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction..."[18]

On each of the five attempted first degree murder charges, he was sentenced to the minimum mandatory 15 years at Level V.[19]  The Court imposed a sentence of five years at Level V on each of the nine PFDCF counts.[20]  Those sentences are two

---

[16] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113)
[17] D.I. 90.
[18] The death penalty is no longer an option, having been eliminated in 2024.
[19] *Id*.
[20] *Id.*

years above the minimum mandatory sentence for that charge,[21] but within the SENTAC guidelines. On all of the other charges, Coffield was sentenced to periods of imprisonment, suspended for probation.[22]

8. In Coffield's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. Not only did the Court sentence Coffield within the statutory range on each charge, but it also sentenced him within the SENTAC guidelines. Neither the jury, nor the Court found any facts that enhanced the range within which Coffield was sentenced. Further, *Erlinger* cannot be read to require the Court to submit aggravating (or mitigating) circumstances to a jury when such circumstances would not alter the statutory range of penalties. It is the Court, in its discretion, not the jury who determines the proper sentence within the statutory range. *Erlinger* and similar cases simply are not implicated.

9. The Court finds no arguable merit to Coffield's Motion to Correct Illegally Imposed Sentence. Accordingly, it declines to appoint counsel for him.

---

[21] *See,* 11 *Del. C.* § 1447A(b).
[22] *Id.*

**THEREFORE**, Defendant Elijah Coffield's Motion to Correct Illegally Imposed Sentence is **DENIED.** His Motion for Appointment of Counsel also is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
Joseph Grubb, Esquire, Deputy Attorney General
Erika Flaschner, Esquire, Deputy Attorney General
Elijah Coffield (SBI #00860231)
ISO